UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH RHINEHART,

    Plaintiff,

v.

DEBRA SCUTT, et al.,

    Defendants.
                                      /

Case No. 11-cv-11254

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING OBJECTIONS** (docket no. 124), **ADOPTING REPORT AND RECOMMENDATION** (docket no. 121), **DENYING PRO SE MOTIONS FOR PRELIMINARY RELIEF** (docket nos. 3, 62), **AND DENYING RENEWED MOTIONS FOR PRELIMINARY RELIEF** (docket nos. 79, 82)

Kenneth Rhinehart is an inmate at the G. Robert Cotton Correctional Facility in Jackson, Michigan ("JCF"), where he is serving a life sentence. He suffers from advanced cirrhosis of the liver and Hepatitis C. On March 29, 2011, he filed a pro se complaint against numerous JCF officials and Aetna Life Insurance Company, charging them with deliberate indifference to his health care needs in violation of the Eighth Amendment pursuant to 42 U.S.C. § 1983. Rhinehart filed this complaint after the Court's dismissal of an earlier action he filed, due to his failure to exhaust administrative remedies. *Rhinehart v. Scutt*, No. 10-cv-10006, ECF No. 131 (E.D. Mich. Feb. 16, 2011).

As it did previously, the Court referred Rhinehart's case to a magistrate judge for all pretrial proceedings. Rhinehart continued his practice in prior cases of filing numerous motions for temporary restraining orders or preliminary injunctions. Rhinehart then retained counsel, who filed on his behalf in August of 2011 new motions for a temporary restraining order or a preliminary injunction. He now requests that the Court order Defendants refer him to a liver specialist for examination and place him on a waiting list for a liver transplant.

The magistrate judge issued a report and recommendation ("Report") on December 22, 2011, recommending that all of these motions be denied. Rhinehart's counsel filed timely objections to the Report.

After a review of the Report, the objections, and the record developed thus far in this case, the Court agrees with Defendants that a preliminary injunction is not appropriate in this case. Accordingly, the Court will overrule the objections, adopt the Report, and deny Rhinehart's motions.

## STANDARD OF REVIEW

Recommendations on dispositive motions provided by a magistrate judge are reviewed pursuant to Civil Rule 72(b). The district judge who referred the motion is only required to perform a de novo review of the magistrate judge's findings if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Rhinehart has objected to the magistrate judge's finding that the requirements for issuance of a preliminary injunction or temporary restraining order have not been met in this case. Therefore, the Court will review the magistrate judge's denial of preliminary relief de novo.

The Court balances four factors when considering a motion for a preliminary injunction:

(1) Whether the movant has shown a strong likelihood of success on the merits;

(2) Whether the movant will suffer irreparable harm if the injunction is not issued;

(3) Whether the issuance of the injunction would cause substantial harm to others; and

(4) Whether the public interest would be served by issuing the injunction.

*Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The standard for issuance of a temporary restraining order is identical. *N.E. Ohio Coal. for*

2

*Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). The burden of proof is on Rhinehart to show that his case "clearly demand[s]" the Court to issue this "extraordinary remedy." *Id.*

## DISCUSSION

The Court finds that the third factor of the preliminary injunction test is not material to the outcome of the motion because the interest of third parties in this case is not significant. Therefore, it will only review the first, second, and fourth factors below. The Court concludes that Rhinehart has not made a sufficient showing of an entitlement to relief.

I. <u>Irreparable Harm</u>

Rhinehart begins his objections by arguing that he will suffer irreparable harm if the injunction is not issued because the continuing deprivation of constitutional rights is an irreparable harm as a matter of law, and because the Defendants' actions have placed his life in danger. The first objection presumes that Rhinehart has a strong likelihood of success in arguing that the state's treatment of him is constitutionally inadequate. That point will be discussed in further detail later, but it suffices for now to say that it is highly unlikely that Rhinehart is suffering from a continuing deprivation of constitutional rights.

As to the second argument, the Court does not question the serious nature of Rhinehart's condition. But the issue of irreparable harm cannot be framed in terms of a prisoner's absolute wellbeing. Rather, the Court must consider whether the treatment the state is currently providing Rhinehart is constitutionally adequate and, if it finds that treatment is not adequate, determine whether a change in treatment must be ordered prior to adjudication of the claim on the merits. The gravity of the condition, alone, is insufficient to merit relief. *See Rush v. Correctional Med. Servs., Inc.*, 287 F. App'x 142, 144 (3rd Cir. 2008) (affirming denial of preliminary injunction or temporary restraining order for state

prisoner with Hepatitis C and liver cirrhosis because record demonstrated prison officials were monitoring and treating the condition).

Moreover, the history of this case demonstrates that waiting until an adjudication on the merits will not irreparably harm Rhinehart. Nearly two years have passed since Rhinehart filed his initial lawsuit against Defendants, and the dire consequences Rhinehart has predicted have not come to pass. *See Brown v. Mason*, No. 10-cv-783, 2010 WL 5146565, at *2 (S.D. Ohio Sept. 2, 2010) (finding that because a year had passed between plaintiff's complaint and alleged injury, the plaintiff could not establish an irreparable injury). Accordingly, the Court find that this factor does not support issuance of a preliminary injunction.

II.     Likelihood of Success

The Report expressly found that Rhinehart's case lacked a likelihood of success on the merits because he "has, at best, established a difference of opinion with respect to plaintiff's medical treatment." Report at 17, ECF No. 121. The magistrate judge reached this conclusion after a thorough review of the medical records and affidavits submitted by both sides. *Id.* at 12–16. Such a finding "is usually fatal" to a request for a preliminary injunction. *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). Rhinehart responds that he is likely to succeed on the merits because the state allowed him "to suffer for months in pain . . . ultimately almost costing him his life." Objection at 9, ECF No. 124. Rhinehart also claims that the Report's "statement of the case is completely incorrect," but does not explain how or why this is so.[1] *Id.* at 2.

---

[1] Rhinehart does dispute a handful of the magistrate judge's findings of fact regarding events that took place in 2009 and 2010, neither of which bear greatly the question of whether a preliminary injunction on a case filed in 2011 ought to issue today.

Claims of deliberate indifference to medical needs are difficult to prove. The plaintiff must demonstrate not only that "the alleged mistreatment was objectively serious," but also that "the defendant subjectively ignored the risk to the inmate's safety." *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011). This standard is particularly challenging to meet in cases where a prisoner has received care, and the dispute is over whether or not the state committed enough resources to the prisoner's treatment. It may be the case that treatment which is "so cursory as to amount to no treatment at all may amount to deliberate indifference." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002) (quoting *Mandel v. Doe*, 888 F.2d 783, 789 (11th Cir. 1989)). But "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

It is highly unlikely that Rhinehart will be able to show his treatment fell below the constitutional standard. Rhinehart submitted a pair of reports from a family practice doctor that reviewed his file and recommended Rhinehart be referred to an oncologist and be placed on a list for an eventual liver transplant. The prison medical staff does not agree with this assessment. Based on a standard protocol for determining the strength of an adult patient's candidacy for a liver transplant, it has found that Rhinehart is not a very good candidate for the procedure. Accordingly, it has pursued alternative treatment options, and a review of the medical records the state has submitted show that this treatment has continued throughout the pendency of this action, and is not a mere pretext for unconstitutional neglect of Rhinehart's condition.

No one in this case disputes that Rhinehart has suffered great pain as a result of his illness. But suffering alone is not indicative of an Eighth Amendment claim, and the

Constitution does not oblige the Defendants to provide him with his ideal treatment or outcome. Accordingly, Rhinehart has not made the sort of clear showing of a likelihood for success on the merits necessary to grant his motions.

III.    The Public Interest

Rhinehart argues that the public's general interest in requiring the state to follow the Constitution tips the public interest factor in his favor. Again, this argument presumes a strong, underlying constitutional claim, which Rhinehart lacks. Moreover, Rhinehart ignores the very strong public interest factors weighing *against* his requested relief. Principles of both separation of powers and federalism discourage federal courts from unnecessary entanglement in the administration of the prison health care system. *See, e.g., Turner v. Safley*, 482 U.S. 78, 84–85 (1987), *superseded in part*, 42 U.S.C. § 2000cc-1(a) ("Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. . . . When a state penal system is involved, federal courts have . . . additional reason to accord deference to the appropriate prison authorities."). These concerns are amplified when the Court is asked to confer the "extraordinary" relief of a preliminary injunction or a temporary restraining order, over the judgment of prison officials on the proper course of treatment for an inmate. Of course, under the right circumstances, such relief may be necessary and appropriate, but such cases are the exception, rather than the rule, and Rhinehart has not shown that his case is exceptional. Accordingly, this factor also weighs against Rhinehart's request for preliminary relief.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Rhinehart's objection (docket no. 124) is **OVERRULED**, and the Report (docket no. 121) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Rhinehart's pro se motions for a temporary restraining order and/or preliminary injunction (docket nos. 3, 62) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Rhinehart's renewed motions for a temporary restraining order and/or preliminary injunction (docket nos. 79, 82) are **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 22, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 22, 2012, by electronic and/or ordinary mail.

Carol Cohron
Case Manager