UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH RHINEHART (#123918),

                            CASE NO. 2:11-CV-11254
        Plaintiff,     JUDGE STEPHEN J. MURPHY, III
                            MAGISTRATE JUDGE PAUL J. KOMIVES

v.

DEBRA SCUTT, BETH GARDON,
BONNIE CLEMENT (ROBERGEIN),
CONNIE IVES, KAREN HAMBLIN,
JOYCE POTTER, PRISON HEALTH SERVICES, INC.,
AETNA, INC., VERNON STEVENSON,
PADMAJA VEMURI and ADAM EDELMAN,

        Defendants,
_____/

**ORDER DENYING PLAINTIFFS' JANUARY 8, 2014 MOTION TO STRIKE
(Doc. Ent. 170) and GRANTING PHS DEFENDANTS' DECEMBER 18, 2013 MOTION
TO LIFT STAY AND OPEN DISCOVERY (Doc. Ent. 161)**

**A.    Rhinehart filed the instant case pro se during March 2011, but he was eventually represented by counsel.**

On March 29, 2011, while incarcerated at G. Robert Cotton Correctional Facility (JCF), Kenneth A. Rhinehart (#123918) filed a verified, pro se prisoner civil rights complaint against eleven (11) defendants: Scutt, Gardon, Clement, Ives, Hamblin, Potter ("the MDOC defendants"); PHS, Stevenson, Vemuri and Edelman ("the PHS defendants"); and Aetna. Doc. Ent. 1 at 1, 4-5, 8-10.[1]

On May 3, 2011, this case was reassigned from Judge Duggan to Judge Murphy. Doc.

---

[1]On April 28, 2011, PHS, Vemuri and Edelman filed an answer. Doc. Ent. 20. On May 2, 2011, Stevenson filed an answer. Doc. Ent. 26.

1

Ent. 31. On May 12, 2011, Judge Murphy referred this case to me for pretrial matters. Doc. Ent. 43; *see also* Doc. Entries 65-66.

In late July 2011, attorney Paul J. Zalewski filed an appearance on plaintiff's behalf. *See* Doc. Entries 75-78.

**B.  The Sixth Circuit Affirmed this Court's January 22, 2012 Order Regarding Plaintiff Rhinehart's August 2011 Motion for a Preliminary Injunction.**

On January 22, 2012, Judge Murphy entered an order (Doc. Ent. 127) overruling objections (Doc. Ent. 124), adopting report and recommendation (Doc. Ent. 121), denying pro se motions for preliminary relief (Doc. Entries 3 & 62) and denying renewed motions for preliminary relief (Doc. Entries 79 & 82).

On February 20, 2012, plaintiff Rhinehart filed a notice of interlocutory appeal. Doc. Ent. 128; *see also* Doc. Entries 129 & 132. However, on January 2, 2013, the Sixth Circuit affirmed the district court's order (Doc. Ent. 127) denying plaintiff Rhinehart's August 2011 motion for a preliminary injunction (Doc. Ent. 82). Doc. Ent. 135; *see also* Doc. Ent. 136 (Mandate).[2]

**C.  Rhinehart died on February 6, 2013; this case was administratively closed on March 18, 2013; and, on August 13, 2013, the case was reopened.**

Rhinehart died on February 6, 2013 at the Duane L. Waters Hospital State Prison. Doc. Ent. 139-2 (State of Michigan Certificate of Death). On March 18, 2013, Judge Murphy entered an order (Doc. Ent. 137) administratively closing this case. As a result, six (6) then-pending motions were terminated:

• Edelman, PHS and Vemuri's April 28, 2011 motion to dismiss (Doc. Ent.

---

[2]Case No. 12-1204 (6th Cir.).

22)
- Stevenson's May 2, 2011 motion to dismiss (Doc. Ent. 28)
- Clement, Gardon, Hamblin, Ives, Potter and Scutt's June 7, 2011 motion for summary judgment (Doc. Ent. 57)
- Aetna's June 7, 2011 motion to dismiss (Doc. Ent. 58)[3]
- Plaintiff's February 20, 2012 motions for order to show cause (Doc. Ent. 130, Doc. Ent. 131)

On August 13, 2013, Judge Murphy entered an order (Doc. Ent. 154) reopening the case, granting David L. Rhinehart and Lewis Rhinehart's May 23, 2013 motion to substitute party (Doc. Ent. 139) and denying in part and granting in part plaintiffs' June 22, 2013 motion to strike (Doc. Ent. 145).[4] As a result, Rhinehart's brothers (David and Lewis), as personal representatives for the Estate of Kenneth A. Rhinehart, were substituted as plaintiffs and parties for Kenneth Rhinehart.

### D.  Currently, Three Motions Are Pending.

On September 16, 2013, Judge Murphy again referred this case to me for pretrial matters. Doc. Ent. 160. Currently pending before the Court are three (3) motions:

**1.** On May 23, 2013, plaintiffs David Rhinehart and Lewis Rhinehart, via counsel, filed a motion (Doc. Ent. 141) for leave to file an amended complaint.

On May 31, 2013, the PHS defendants filed a response (Doc. Ent. 142); on June 10, 2013, Aetna filed a response (Doc. Ent. 143); and, on June 11, 2013, the MDOC defendants filed

---

[3]In Aetna's June 7, 2011 motion to dismiss, it argued that: (1) Rhinehart Has Failed To Allege That A Policy Or Custom Of Aetna Caused The Alleged Injury; (2) Rhinehart Has Failed To Allege Aetna Acted Under Color Of State Law; and (3) Rhinehart Has Failed To Exhaust His Administrative Remedies, Including As To Any Claims Against Aetna. Doc. Ent. 58 at 3.

[4]On June 22, 2013, plaintiffs filed a motion (Doc. Ent. 145) which, in part, sought to strike certain responses (Doc. Entries 142, 143, 144). Briefing on this motion occurred. *See* Doc. Entries 146-153.

a concurrence and joinder (Doc. Ent. 144) with the PHS defendants' response (Doc. Ent. 142).

By way of the Court's August 13, 2013 order (Doc. Ent. 154 at 2), the Court will also consider plaintiffs' June 22, 2013 proposed reply (Doc. Ent. 145-1). In addition, on August 18, 2013, plaintiffs filed an exhibit to their reply. Doc. Ent. 158; *see also* Doc. Ent. 159.

**2.** On December 18, 2013, the PHS defendants filed a motion (Doc. Ent. 161) to lift stay and open discovery. Specifically, the PHS defendants seek to lift the stay of discovery sought by their May 23, 2011 motion (Doc. Ent. 54) and granted by the Court's November 21, 2011 order (Doc. Ent. 114). Doc. Ent. 161 ¶¶ 5, 9.

Plaintiffs responded on January 1, 2014. Doc. Ent. 162; *see also* Doc. Ent. 163 (Brief), 164 (Report of February 8, 2013 Autopsy), 165 (Exhibits A-GG) & 166 (Certificate of Service). By their response, plaintiffs ask the Court to either (A) "Deny Defendants Motion to Lift Stay and Open Discovery until such time as this Honorable Court grants Plaintiff's Motion for Leave to File Amended Complaint," or (B) "Grant Plaintiff's Motion for Leave to File Amended Complaint, and immediately schedule a discovery conference with this Honorable Court so that discovery may properly be conducted on Plaintiff's Amended Complaint[.]" Doc. Ent. 162 at 5.

The MDOC defendants responded on January 3, 2014. Doc. Ent. 168.[5] They request that the Court "maintain the stay of discovery until such time as the pending dispositive motions are resolved." Doc. Ent. 168 at 3.

Defendant Aetna responded on January 7, 2014. Doc. Ent. 169. By this filing, Aetna

---

[5]On January 2, 2014, the MDOC defendants filed a motion (Doc. Ent. 167) for a one day enlargement of time to file their response in opposition to co-defendants' motion to lift stay and open discovery (Doc. Ent. 161). On January 8, 2014, I granted this motion. Later, on January 11, 2014, Judge Murphy entered a stipulated order permitting the MDOC defendants a one day enlargement of time (until Friday, January 3, 2014) to file their response. Doc. Ent. 172.

asks the Court to deny the PHS defendants' motion (Doc. Ent. 161) and grant Aetna's June 7, 2011 motion to dismiss (Doc. Ent. 58).  Doc. Ent. 169 at 2.

On January 8, 2014, the PHS defendants filed a reply.  Doc. Ent. 171.  Therein, the PHS defendants request that the Court deny plaintiffs' motion for leave to file an amended complaint (Doc. Ent. 141) and, instead, grant the PHS defendants' April and May 2011 motions to dismiss (Doc. Entries 22 and 28) OR grant the PHS defendants' December 18, 2013 motion to lift stay and open discovery (Doc. Ent. 161).  *See* Doc. Ent. 171 at 3.

Upon consideration, the PHS defendants' December 18, 2013 motion to lift stay and open discovery (Doc. Ent. 161) is granted.  The Court's November 21, 2011 order stayed discovery pending resolution of the then-pending dispositive motions, which included defendants' April, May and June 2011 dispositive motions (Doc. Entries 22, 28, 57 & 58).  Doc. Ent. 114 at 7.  As noted above, defendants' April, May and June 2011 dispositive motions (Doc. Entries 22, 28, 57 & 58) were terminated when the case was administratively closed on March 18, 2013.

**3.**     On January 8, 2014, plaintiffs filed a motion (Doc. Ent. 170) to strike defendant Aetna's January 7, 2014 response (Doc. Ent. 169) in opposition to the PHS defendants' December 18, 2013 motion (Doc. Ent. 161) to lift stay and open discovery.

By this motion (Doc. Ent. 170), plaintiffs ask this Court to strike Aetna's improperly filed response (Doc. Ent. 169) on the bases that it (1) was filed "without first seeking the consent of the parties for the late filing of their response to this motion, and without seeking leave from this Honorable Court[;]" (2) "is merely a transparent attempt to bolster their now stagnant and irrelevant Motion to Dismiss Complaint which was filed back on June 7, 2011 [Doc. Ent. 58][;]" and (3) "was not filed within 14 days from the date the motion was served as required by LR 7.1

5

(e) (2) (B)." Doc. Ent. 170 at 3 ¶¶ 4, 5 & 7.[6]

Upon consideration, plaintiffs' January 8, 2014 motion to strike (Doc. Ent. 170) is denied. First, although tardy, Aetna's response is only one (1) day late. The PHS defendants filed their motion on December 18, 2013 (Doc. Ent. 161). Pursuant to E.D. Mich. LR 7.1(e)(2)(B) (14 days); Fed. R. Civ. P. 6(a)(6) ("'Legal Holiday' Defined."); Fed. R. Civ. P. 6(d) ("Additional Time After Certain Kinds of Service."); and Fed. R. Civ. P. 6(a)(1)(C), responses were due on or about Monday, January 6, 2014. I decline to grant the instant motion solely on the procedural basis that the filing is one day late.

Moreover, there does not appear to be a substantive basis upon which plaintiffs might seek to strike Aetna's January 7, 2014 response (Doc. Ent. 169). Specifically, Aetna's January 7, 2014 response (Doc. Ent. 169) concerns the PHS defendants' December 18, 2013 motion (Doc. Ent. 161) to lift the stay - sought on May 23, 2011 by the PHS defendants' motion (Doc. Ent. 54) and granted by the Court's November 21, 2011 order (Doc. Ent. 114) - and open discovery. Aetna's January 7, 2014 response (Doc. Ent. 169) - which relies on Aetna's June 10, 2013 response (Doc. Ent. 143) to plaintiffs' motion for leave to amend (Doc. Ent. 141) - simply concludes that "The Motion to Lift Stay and Open Discovery [Doc. Ent. 161] should be denied, and the Court should grant Aetna's pending Motion to Dismiss [Doc. Ent. 58][,]" Doc. Ent. 169 at 2. Here, I note that plaintiffs have filed **(a)** their own matters (Doc. Entries 142, 145-1, 158 & 159) related to plaintiffs' May 23, 2013 motion for leave to file an amended complaint (Doc. Ent. 141) and **(b)** their own January 1, 2014 responses (*see* Doc. Entries 162-166) related to the

---

[6]Plaintiffs also note that Aetna consented to the MDOC defendants' January 2, 2014 motion for extension of time (*see* Doc. Entries 167 & 172) but did not seek an extension to file their own response. Doc. Ent. 170 ¶ 6.

PHS defendants' December 18, 2013 motion (Doc. Ent. 161).

Finally, to the extent plaintiffs are concerned about any January 7, 2014 attempt by Aetna (Doc. Ent. 169) to revitalize argument(s) initiated in its June 7, 2011 motion to dismiss (Doc. Ent. 58),[7] such dispositive motion was terminated by the Court's March 18, 2013 administrative closure of this case (*see* Doc. Ent. 137). Should the parties decide to refile any of the motions which were terminated by the administrative closure of this case, responsive briefing will start anew.

**E.     Order**

Accordingly, plaintiffs' January 8, 2014 motion to strike (Doc. Ent. 170) is DENIED. The Court will consider defendant Aetna's January 7, 2014 response (Doc. Ent. 169) in the Court's disposition of the PHS defendants' December 18, 2013 motion (Doc. Ent. 161).

Furthermore, the PHS defendants' motion to lift stay and open discovery (Doc. Ent. 161) is GRANTED. Plaintiffs' motion for leave to file an amended complaint (Doc. Ent. 141) will be addressed under separate cover. Once the Court rules upon that motion plaintiffs' motion (Doc. Ent. 141), the parties will be required to execute their responsibilities under Fed. R. Civ. P. 26, whether in relation to the original March 29, 2011 complaint (Doc. Ent. 1) or any amended complaint permitted to be filed.

---

[7]As to Aetna's June 7, 2011 dispositive motion (Doc. Ent. 58), I note that plaintiff Kenneth A. Rhinehart filed an August 30, 2011 response (Doc. Ent. 86).

Approximately two (2) years later, in Aetna's June 10, 2013 response to plaintiffs' May 23, 2013 motion to amend, Aetna cites *Moses v. Prison Health Services, Inc.*, Case No. 11-1507 (6th Cir. Dec. 16, 2011) and asserts that the Court should grant Aetna's June 7, 2011 motion to dismiss (Doc. Ent. 58). Doc. Ent. 143 at 2 n.1; *see also* Doc. Ent. 143-1.

Then, in Aetna's January 7, 2014 response (Doc. Ent. 169) to the PHS defendants' December 18, 2013 motion (Doc. Ent. 161), Aetna contends that "*Moses* controls and requires the dismissal of the Complaint as to Aetna." *See* Doc. Ent. 169 at 1-2.

However, the parties should refrain from engaging in discovery and filing dispositive motions until the Court has ruled upon plaintiffs' May 23, 2013 motion for leave to file an amended complaint (Doc. Ent. 141).

**IT IS SO ORDERED.**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of service of a copy of this order within which to file an appeal for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Date: January 15, 2014

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on January 15, 2014.

s/ Kay Doaks
Case Manager