UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID RHINEHART and
LEWIS RHINEHART,
Joint Personal Representatives
of the Estate of
KENNETH RHINEHART,
deceased,

      Plaintiffs,

v.

ADAM EDELMAN and VERNON
STEVENSON,

      Defendants.
                                   /

Case No. 2:11-cv-11254

HONORABLE STEPHEN J. MURPHY, III

MAGISTRATE ELIZABETH A. STAFFORD

**ORDER OVERRULING DEFENDANTS' OBJECTIONS** (document no. 274),
**ADOPTING THE REPORT AND RECOMMENDATION** (document no. 273), **AND
DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** (document no. 258)

    Kenneth Rhinehart was a prisoner in the custody of the Michigan Department of Corrections. In March 2011, he filed the present action under 42 U.S.C. § 1983, alleging that medical providers denied him necessary medical treatments. He died in 2013 while still in custody and an amended complaint was filed on behalf of his estate. Am. Compl., ECF No. 175. In September 2013, the Court referred all pretrial matters to Magistrate Judge Paul J. Komives. Order, ECF No. 160. The case was then reassigned to Magistrate Judge Elizabeth A. Stafford in January 2015.

    The Court previously dismissed some of Rhinehart's original claims and now, only Plaintiffs' Eighth Amendment claims against Defendants Adam Edelman and Vernon Stevenson remain. The defendants moved for summary judgment and the magistrate judge issued a Report and Recommendation ("Report") suggesting the Court deny the motion. ECF No. 273. The Court will adopt the Report's findings and deny the Defendants' motion.

**BACKGROUND**

The Report properly details the events giving rise to Rhinehart's action against the Defendants. Report 2–21, ECF No. 273. The Court will adopt that portion of the Report.

**STANDARD OF REVIEW**

Civil Rule 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends upon whether a party files objections. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Civil Rule 56(c) provides that summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir.1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St.*

*Corp v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435–36.

The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435. A fact is "material" for the purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993).

## DISCUSSION

Defendants object to the Report on four grounds. The Court finds none persuasive.

I. <u>Objection One: Failure to Identify the Serious Medical Need</u>

Defendants first make an overarching objection to the way the Report describes Rhinehart's medical needs. They argue that at various points, the Report faults the Defendants for disregarding risks and failing to take action but "fails to identify what serious medical need the Defendants allegedly disregarded," ultimately concluding that the magistrate judge's "mischaracteriz[ation]" resulted in a "flawed analysis overall." Obj. 3–4, ECF No. 274.

At the outset, the details of Rhinehart's care and alleged medical needs are hardly "glossed over" by the Report. Obj. 5–6, ECF No. 274. It describes Rhinehart's saga for

3

twenty pages, meticulously cites to the record, and in so doing, provides ample grounds to draw the inference that certain procedures were medically advisable but unjustifiably ignored.

Defendants point to several places in the Report when it allegedly failed "to identify what serious medical need Mr. Rhinehart had that mandated treatment," Obj. 3–4, ECF No. 274, but the medical need is clear: after specialists could not determine the cause of "abnormalities" with his liver, Rhinehart needed a diagnosis — and one rooted in medical judgment, not mere assurances. Rhinehart needed specialists to conduct real investigations into whether he had cancer. The claims of deliberate indifference arise from the alleged failure of Defendants to pursue a diagnosis despite indications that action was necessary. *Cf. Reilly v. Vadlamudi*, 680 F.3d 617, 625 (6th Cir. 2012) (concluding that defendant doctor was not liable for a failure to diagnose cancer because there were no indications of a serious condition).

At the summary judgment phase, all facts are viewed in a light most favorable to Plaintiffs and all reasonable inferences are drawn in their favor. And the record is clear that many times along the way, physicians examined Rhinehart and his medical records, raised concerns or recommended treatment for Rhinehart, and those concerns and recommendations were not acted upon swiftly, or at all, by the Defendant doctors. *See, e.g.*, Report 33, ECF No. 273 (noting that a specialist warned that Rhinehart might bleed to death); *id.* at 3–4 (noting that two doctors recommended Rhinehart be seen by cancer and liver specialists); *id.* at 8–9 (explaining that a liver biopsy was recommended for Rhinehart, but the reasons for denying him one are unclear). In fact, the very reason Rhinehart came to be under the care of the Defendants was because specialists suspected

Rhinehart had additional health complications but concluded that transferring him to the Cotton facility would aid in diagnosing him. *See* Report 3–6, ECF No. 273. Plaintiffs claim that once Rhinehart arrived, Defendants were indifferent to seeking a firm diagnosis and indifferent to complications that arose along the way.

Defendants nevertheless insist "[a] radiologist's note that Mr. Rhinehart *might* have a mass is not an actual *diagnosis* of cancer," and that "the *risk* of *future* esophageal bleeding" is not a new diagnosis. Obj. 5–6, ECF No. 274 (emphasis original). Indeed, the assertions are true — but they entirely miss the point. Had a doctor conclusively diagnosed Rhinehart with liver cancer and Defendants knowingly disregarded the risk and failed to treat him, a claim of deliberate indifference would lie. It makes no difference that the alleged indifference in the case was ignoring specialists recommendations to take the first step in treatment: securing a diagnosis. *See Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) ("[O]ur cases do not support the notion that a prison doctor who delays treatment may escape liability simply because the treatment was recommended rather than prescribed. . . . [D]elay of a recommended plan of treatment could constitute a constitutional violation[.]").

Examining doctors raised specific concerns that Rhinehart had cancer, had him transferred specifically to have specialists follow-up on those concerns, and Defendants allegedly failed to take action, many times over and with little or no reason, long after Rhinehart's arrival. Whether Defendants did fail to take action on those concerns, and their precise state of mind in doing so, are questions of fact. Summary judgment is therefore unwarranted and the Court overrules Defendants' first objection.

II.     Objection Two: The Applicable Legal Standard

Defendants argue that the magistrate judge applied the wrong legal standard. They argue that the correct standard is from *Napier*, but that the magistrate judge applied the law of *Blackmore*. Plaintiffs insist the magistrate judge applied the law properly.

To begin, there are two steps to make a claim of deliberate indifference. The first step is subjective: the plaintiff must show that he had a sufficiently serious medical need. *See Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The second step is subjective: the plaintiff must show that the prison officials had a "a sufficiently culpable state of mind in denying medical care." *Id.* Although the Report suggested that, "Defendants do not challenge that Rhinehart suffered from a sufficiently serious medical condition so as to satisfy the objective component of the deliberate indifference test," Report 23, ECF No. 273, Defendants' objections reveal that the suggestion is not quite accurate. Defendants do concede that Rhinehart suffered from certain medical conditions: Hepatitis C and ESLD. But they insist that the objective component was not met because they argue the applicable law is *Napier*, which requires a showing that the alleged delays in treatment proximately caused the harm Rhinehart suffered. *See* Obj. 7–8, ECF No. 274. Whether *Napier* or *Blackmore* applies, they argue, makes all the difference in determining whether the objective component was satisfied.

The Sixth Circuit decided *Napier v. Madison Cnty., Ky.* in 2001. 238 F.3d 739 (6th Cir. 2001). The case concerned a man whose kidney failure required him to receive dialysis treatments three times per week. When he was arrested and detained at a county jail, he told prison officials about his need for dialysis treatments, but also said missing a treatment was "no big deal" as he often missed them — in fact, he had skipped the treatment

scheduled three days before his incarceration. He did not receive any treatments during his two-day incarceration, and then missed the appointment scheduled for the day of his release and the one two days after that. He later brought suit against the prison officials alleging deliberate indifference. The Court of Appeals affirmed the district court's grant of summary judgment for defendants, and explained that "[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Id.* at 742 (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr*, 40 F.3d 1176, 1188 (11th Cir. 1994)).

Three years later, the Court revisited the *Napier* standard in *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890 (6th Cir. 2004). In that case, a man was also arrested and detained at a county jail. During his detention, he began to suffer from severe abdominal pain, but when he complained to the jail officers, they did nothing but give him antacids. After two days at the jail, a nurse examined him, determined that his appendix had ruptured, and soon thereafter, he was treated without complications at a hospital. The *Blackmore* court reversed the grant of summary judgment for defendants, explaining that when an injury or illness is so obvious "that even a layperson would easily recognize the necessity for a doctor's attention," the plaintiff does not need to present verifying medical evidence that his medical condition worsened or deteriorated. *Id.* at 899–900. "Instead, it is sufficient to show that he actually experienced the need for medical treatment, and that the need was not addressed within a reasonable time frame." *Id.* at 900.

Since the decisions in *Napier* and *Blackmore*, courts have consequently parsed out deliberate indifference cases into one of two categories. *See, e.g.*, *Blosser v. Gilbert*, 422

F. App'x 453, 460 (6th Cir. 2011). In one category are the cases of "obvious need", in which a plaintiff does not need to offer verifying medical evidence that a delay had a detrimental effect. The second category includes the "less obvious need" cases, when a plaintiff must place "verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier*, 238 F.3d at 742. The determination to be made in all cases is the same: whether a risk faced by the plaintiff was serious enough to satisfy the objective component of the deliberate indifference analysis. And "risk" is the operative word, because the harm in all cases of deliberate indifference — no matter the category — is the inaction of prison officials. *See Blackmore*, 390 F.3d at 899 (prison officials' "conduct in causing the delay [of medical treatment] creates the constitutional infirmity."). Thus, the relevant inquiry in either type of case is whether a prisoner was "incarcerated under conditions posing a substantial *risk* of serious harm." *Napier*, 238 F.3d at 742 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (emphasis added).

In her Report, the magistrate judge said that "medical conditions diagnosed by a physician as mandating treatment" are treated as needs "that are obvious to a lay person." *See* Report 26, ECF No. 273 (citing *Blackmore*, 390 F.3d at 897). Plaintiffs allege that medical professionals expressed concern that there was something else plaguing Rhinehart — perhaps cancer. He was transferred to the Defendants' care, in part, because of that very risk. After he arrived at the Cotton facility, Plaintiffs allege that other medical experts also recognized the risk, but the Defendants disregarded the risk by failing to follow-up with the doctors' recommendations. In so doing, they exposed Rhinehart to a substantial risk of harm in violation of his rights under the Eighth Amendment. Because

medical professionals recommended treatment and further investigation regarding Rhinehart's liver, it is irrelevant whether Rhinehart actually had liver cancer.

The magistrate judge accurately described and applied the applicable legal standard in the Report. The Court therefore overrules Defendants' second objection.

III.     Objection Three: Deference to Medical Decisions Standard

Defendants' third objection concerns application of the "deference to medical decisions" standard. They argue that because every alleged action or inaction of Defendants was merely a difference of medical opinion, all the decisions are deserving of deference and, therefore, none constitute deliberate indifference. Obj. 20–21, ECF No. 274. The magistrate judge agreed as to two of Edelman's treatment decisions: his denial of requests for an MRI and for a barium swallow. *See* Report 31–32 ("[T]he denial of those tests amounted to a mere disagreement among medical professionals."). But the magistrate judge reached a different conclusion regarding "Dr. Edelman's failure to approve the requests for a liver biopsy and his refusal to approve Dr. Schachinger's request to transfer Rhinehart to a tertiary care center for a TIPS procedure." *Id.* at 32. The magistrate judge found that those decisions were not necessarily mere disagreements among medical professionals and a jury could therefore "find that those actions and omissions constituted deliberate indifference to a substantial risk of harm." *Id.* Defendants claim that the magistrate judge reached her conclusion by relying on inapposite and non-binding cases. *See* Obj. 12, 14, ECF No. 274.

The Court need not determine whether the proffered cases are analogous to this one to resolve Defendants' third objection. At this point in the litigation, the Court must view all evidence in a light most favorable to Plaintiffs. So viewed, Defendants' treatment choices

were not *medical* decisions, they were merely decisions. The decisions to ignore specialists' treatment recommendations are not automatically "medical" judgments simply because each defendant is a medical doctor. The judgments must rest on medical reasoning, and whether the defendants employed that reasoning is a genuine issue of material fact.

As the magistrate judge explained, even though "Dr. Edelman did not have expertise with respect to esophageal varices and, even though he had not seen the condition of Rhinehart's liver, he inexplicably rejected Dr. Schachinger's first-hand expert opinion that further banding could not be done." Report 33–34, ECF No. 273. Similarly, "[t]here is no documentation in the record to explain" why the various biopsy requests were not pursued and the evidence does not "establish that the suspicion of cancer had been ruled out at the time of these requests." *Id.* at 33. In other words, a reasonable jury could find that Defendants chose not to pursue the treatments based on reasons not tied to their medical judgments. The decisions would therefore not receive deference; a reasonable jury could find that Defendants' inactions were the result of deliberate indifference.

Because Defendants' reasons for denying treatments are genuine issues of material fact, summary judgment is unwarranted. The Court therefore overrules Defendants' third objection.

IV.   Objection Four: Vicarious Liability

In their fourth and final objection, Defendants claim that the magistrate judge incorrectly applied a vicarious liability standard to Stevenson. Obj. 21, ECF No. 274. They properly point out that the Court "must evaluate Dr. Stevenson's actual involvement and not attribute actions or omissions of other medical providers to Dr. Stevenson." *Id.* at 22;

*see Gibson v. Matthews*, 926 F.2d 532, 535 (6th. Cir. 1991) ("If any one [defendant] is to be held liable, it must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants."). Given that limit, Defendants cite several instances of the magistrate judge allegedly blaming the actions of others on Stevenson. They conclude that since Stevenson cannot be held liable those actions, summary judgment should be granted in his favor.

But the magistrate judge fulsomely laid out decision points during Rhinehart's care when a reasonable jury could find Stevenson to have been deliberately indifferent. Defendants' argument regarding vicarious liability might be persuasive if the extent of Stevenson's oversight responsibilities was clear — but it is not. Again, at the summary judgment stage, all evidence is viewed in a light most favorable to the Plaintiffs and every inference is drawn in their favor. The parties' war of citations as to whether Stevenson was Rhinehart's primary care physician and what the position entailed only emphasizes what the magistrate judge ultimately determined: there remain genuine issues of material fact on the matter. *See* Report 2, 5, 27, ECF No. 273 (noting places in the record supporting the claim that Stevenson was the assigned primary care physician). Defendants' other arguments — that the system was "not being followed," that other providers saw and treated Rhinehart, and that Rhinehart believed someone else was his treating physician — are irrelevant. *See* Reply 11, ECF No. 281; Obj. 22, 24, ECF No. 274. The extent of Stevenson's responsibilities, what he knew, and when he knew it, remain questions for the jury. And until there are answers to those questions, there can be no conclusion as to his

potential liability for deliberate indifference. The Court therefore overrules Defendants' fourth objection.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendants' Objections to the Report and Recommendation (document no. 274) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (document no. 273) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (document no. 258) is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 13, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 13, 2016, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager