UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID L. RHINEHART and LEWIS
RHINEHART, Joint Personal
Representatives of the Estate of
KENNETH A. RHINEHART,
Deceased,

Case No. 2:11-cv-11254

HONORABLE STEPHEN J. MURPHY, III

Plaintiffs,

v.

DEBRA SCUTT, et al.,

Defendants.
_____/

# OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' *DAUBERT* MOTION [310]

Before the Court is Defendants' renewed motion to exclude the testimony of Plaintiffs' retained expert, Dr. Stuart Finkel. Defendants previously filed an omnibus motion seeking, among other things, to preclude the expert testimony of Finkel for failing to satisfy Rule 702. The Court held a hearing, denied the motion without prejudice, and permitted Defendants to file a renewed motion further setting forth their argument that Finkel's expert opinion is not scientifically supported. The issues presented are straightforward, so no hearing is necessary. The Court will grant the motion in part, and deny it in part.

## LEGAL STANDARD

Federal Rule of Evidence 702 governs expert testimony. The rule permits an expert to testify in the form of an opinion if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The Supreme Court's decision in *Daubert* provided additional context for employing the rule. When faced with a proffer of expert testimony, a trial court must first determine under Rule 104(a), "whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993). The trial court is required to make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* at 592–93.

The burden of establishing the admissibility of expert testimony rests on the party offering the testimony. *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000). And though "the rejection of expert testimony is the exception rather than the rule," the offering party must establish its admissibility by a preponderance of proof. Fed. R. Evid. 702 Advisory Committee Note (2000); *Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 251 (6th Cir. 2001).

## DISCUSSION

Stuart Finkel is a medical doctor who is board-certified in gastroenterology and internal medicine. Finkel Report, ECF 263-10, PgID 5373. Finkel authored a report and made various conclusions regarding Rhinehart's treatment and the actions of the doctors who cared for him. At the hearing on Defendants' previous motion, the Court stated that the Report itself will not be admitted into evidence because it contains Finkel's various legal

2

conclusions and statements about others' knowledge or states of mind. But Finkel's report also offered medical opinions and Plaintiffs intend to call Finkel as an expert witness at trial to testify to those opinions. Defendants now move the Court to limit his in-court testimony pursuant to *Daubert* and Rule 702.

Although Defendants' requested relief is general—it describes only "irrelevant and scientifically unsupported opinions"—their brief more specifically objects to Finkel testifying to Rhinehart's fear of cancer and Rhinehart's alleged pain and suffering from not being evaluated for a TIPS procedure. ECF 310, PgID 7668–69, 7672. The Court will therefore limit its consideration to those grounds for preclusion.

The first issue is relevance. According to Defendants, because Rhinehart did not ultimately have cancer, any testimony about his fear of having cancer is irrelevant. The Court disagrees. One of the questions in the case is whether the Defendants were deliberately indifferent to Rhinehart's need for a firm diagnosis. If the jury determines that they failed to act out of deliberate indifference—thereby violating Rhinehart's Eighth Amendment rights—then any emotional or physical harm he suffered as a result of their indifference is relevant to the damages Plaintiffs seek. Finkel's testimony is limited to the opinions consistent with his expertise, but the Court will not preclude him from testifying to Rhinehart's fears on the grounds of irrelevance.

The second issue is that of pain and suffering associated with the lack of a TIPS procedure. Defendants claim that there is "no scientific basis to support Dr. Finkel's opinion that Mr. Rhinehart would have had less pain and/or suffering if he had been transferred to a tertiary care center to possibly undergo[] a TIPS procedure while incarcerated." ECF 310,

PgID 7671. Defendants also note that "[n]owhere in his report does Dr. Finkel opine that portal hypertension actually causes any noticeable amount of pain or suffering." *Id.* at 7669.

On that narrow issue, Defendants have a better argument. An expert "who presents testimony must employ in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 677 (6th Cir. 2011) (alterations and quotation marks omitted). None of the materials before the Court—Finkel's report, his deposition testimony, and Plaintiffs' response brief—assures the Court that Finkel's opinion that Rhinehart suffered physical pain due merely to hypertension is based upon sufficient facts and reliable methods. Testimony on that topic will therefore be precluded.

In sum, Finkel's report is replete with impermissible conclusions and speculation. His expertise, limited to his work as a gastroenterologist, may assist the jury in understanding medical procedures at issue in the case. To ensure that Finkel's testimony remains within the bounds of Rule 702, the Court will require Plaintiffs to give the Court one day's notice before calling Finkel as a witness. The Court will then hold a short hearing to ascertain precisely what Finkel intends to offer and to and make any necessary rulings that will curb impermissible testimony.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Defendants' motion to preclude the testimony of Stuart Finkel [310] is **GRANTED IN PART** and **DENIED IN PART**.

**SO ORDERED.**

Dated: April 26, 2017

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 26, 2017, by electronic and/or ordinary mail.

                                         s/David P. Parker
                                         Case Manager