UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID L. RHINEHART and LEWIS
RHINEHART, Joint Personal
Representatives of the Estate of
KENNETH A. RHINEHART,
Deceased,

Case No. 2:11-cv-11254

HONORABLE STEPHEN J. MURPHY, III

      Plaintiffs,

v.

DEBRA SCUTT, et al.,

      Defendants.
                                            /

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT [318], ORDERING BRIEFING, AND ADJOURNING THE TRIAL DATE

Defendants' first motion for summary judgment was previously denied and they now move for leave to file a second motion, as required by Local Rule 7.1(b)(2). In their reply brief, Defendants also suggest a contingency plan: if the Court denies their motion for leave, they provisionally move the Court to treat their proposed, second motion for summary judgment as implicitly denied, certify one of the questions in the case to the Court of Appeals for the Sixth Circuit, and stay the proceedings pending that Court's decision. For the reasons below, the Court will grant the motion for leave, permit further briefing, and adjourn the trial date.

## LEGAL STANDARD

Because the denial of summary judgment has no res judicata effect, the Court may, in its discretion, permit a second motion for summary judgment. *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 835 (6th Cir. 2000). Permitting a second summary judgment motion is especially appropriate if there has been an intervening change in controlling law, a party

has expanded the factual record, or there is a "need to correct a clear error or prevent manifest injustice." *Durfee v. Rich*, No. 02-10041, 2007 WL 1011066, at *9 (E.D. Mich. Mar. 30, 2007) (quoting *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir.1995)).

**DISCUSSION**

Defendants' argument for another summary judgment motion is twofold. First, they argue that a recent *de bene esse* trial deposition clarified a previously murky question of fact which now justifies summary judgment for Defendant Stevenson. Second, they argue that a recent Sixth Circuit opinion "directly contradicts this Court's conclusion of law" and therefore urge the Court to consider their arguments anew. ECF 318, PgID 7927.

I. New Facts

Defendants argue that new facts have expanded the record; specifically, the *de bene esse* trial deposition of Dr. Jeffrey Stieve. Defendants argue that Stieve's testimony clarifies what Stevenson's responsibilities were concerning Rhinehart and, in so doing, justify granting summary judgment on Stevenson's behalf. Unfortunately, Plaintiffs failed to address this argument in their response brief. Because the expanded factual record may be dispositive of certain claims and may even warrant the dismissal of one of the two Defendants, the Court will grant the motion for leave to amend and order Plaintiffs to respond to the motion for summary judgment.

II. New Law

The recent decision cited by Defendants is *Mattox v. Edelman*, another deliberate indifference case arising from the Cotton Facility. 851 F.3d 583 (6th Cir. 2017), *reh'g denied* (Apr. 6, 2017). Mattox, the prisoner in that case, experienced chest pains, dizziness, and other symptoms which he reported to the prison medical staff. They promptly performed

2

an EKG and sent him to the emergency room, where an outside cardiologist examined Mattox and recommended he "undergo a cardiac catheterization procedure to rule out coronary artery disease, and determine whether he needed a stent or surgery to prevent a future heart attack." *Id.* at 586–87. But Dr. Edelman—the same Dr. Edelman who is a defendant in this case—denied approval of the request. Less than a month later, Mattox experienced the same symptoms as before, but, after reviewing his records with the nurse on duty, the physician's assistant ("PA") decided not to send him to the emergency room. Mattox's pain continued into the next morning, however, so the attending physician sent him to the emergency room after all. Again, the doctors recommended a cardiac catheterization procedure; again, Edelman denied the request to perform one. "Mattox's chest pains continued intermittently over the next two and a half years, requiring multiple hospitalizations[,]" until he "finally received the cardiac catheterization test he had been seeking, which ruled out heart disease, and suggested that his symptoms be treated with medication." *Id.* at 588.

On appeal, Mattox took aim at the PA. He claimed that she "was deliberately indifferent to his serious medical needs by failing to send him to the emergency room" on that second night, *id.* at 597, and "argue[d] that: (i) his heart attack symptoms were so obvious that he does not need to show medical evidence verifying that he needed treatment; and (ii) there is no requirement that he show that he was actually suffering from a serious medical condition as long as he can show that prison staff failed to respond to circumstances that created a substantial risk of serious harm." *Id.* at 598. The Court of Appeals rejected these arguments and explained that, even when proceeding under the "obvious malady theory" of *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890 (6th Cir. 2004), a

plaintiff "must still show '*that he actually experienced the need for medical treatment*, and that the need was not addressed within a reasonable time frame.'" *Id.* (quoting *Blackmore*, 390 F.3d at 900). Since it was "clear from the face of Mattox's complaint that he did not actually need medical care" that night, the Court affirmed the district's court's dismissal of the claim. *Id.* at 598.

This case is different. Although Mattox had initially included Edelman as a co-defendant, he abandoned those claims on appeal. *Id.* at 587 n.2. Had the Court of Appeals addressed those claims, *Mattox* would be more analogous to the case at bar, since there too, Edelman decided against the recommended treatment of specialists. But on appeal. Mattox instead proceeded on the theory that his self-reported symptoms, standing alone, required the PA to send him to the emergency room. In contrast, Rhinehart was not the one who told Defendants he needed a biopsy, a TIPS procedure, diagnosis, or particularized monitoring — specialists determined that he needed them. Plaintiffs allege that, in the face of those recommendations, Defendants failed to act, or, when they did act, they did so belatedly or for reasons other than medical judgement.

*Mattox* leaves two related questions for the Court to resolve here. The first is whether a specialist's recommendation for treatment or diagnosis is itself a stand-alone medical need under *Blackmore*. In other words, is a cancer screening a medical need distinct from cancer treatment when the screening is recommended by a specialist who has examined the patient? The second question then flows from the first: does a specialist's recommendation for a diagnostic procedure relieve the plaintiff from having to show that he actually needed additional treatment? Because deliberate indifference claims center around prisoners' exposure to risks, it stands to reason that when a doctor flouts a

4

specialist's recommended treatment for reasons other than medical judgment, the objective prong of deliberate indifference is satisfied. Since *Mattox* does not foreclose these possibilities, and the Court is already requiring additional briefing as to issue of newly discovered facts, the parties will be permitted to brief these questions as well.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendants' Motion for Leave to File a Second Motion for Summary Judgment [318] is **GRANTED**. Defendants shall **FILE** their motion on the docket immediately in its exact form. *See* ECF 318-1.

**IT IS FURTHER ORDERED** that Plaintiffs shall **FILE** their response to the second motion no later than **June 6, 2017**. Defendants shall **FILE** their reply within **7 days** after service of Plaintiffs' response.

**IT IS FURTHER ORDERED** that the trial date is **ADJOURNED** to a date to be determined after the disposition of the summary judgment motion.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 23, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 23, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager